UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SYLVESTER, | No. 2:21-cv-0605 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SCOTT R. JONES, et al., | |
| Defendants. | |

Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state law and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II. Complaint

### A. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

      B.     Allegations

The complaint alleges that defendants Sacramento County Sheriff Scott Jones; Donald Washington, Director of the U.S. Marshal Service; Sacramento County Jail Commander Brandon Luke; Assistant Commander S. Hampton; Intelligence Officer Saika; Sgt. Pfau; Sgt. Villanueva; and Assistant Commander Limbird violated plaintiff's rights under the Sixth, Eighth, and Fourteenth Amendments. ECF No. 1. Plaintiff alleges that he was transferred from the custody of the California Department of Corrections and Rehabilitation (CDCR) to the Sacramento County Jail, which contracts with the U.S. Marshal Service to house federal pretrial detainees. Id. at 1-4. He was transferred to the jail for the purpose of federal prosecution that has the potential for capital punishment. Id. at 2.

Plaintiff alleges that defendants violated his right to due process when he was housed in the Total Separation (T-Sep), which is designated as restricted housing and places him in "extreme isolation," without notice, a hearing, or an opportunity to be heard. Id. at 6-7. Due to being housed in T-Sep, plaintiff is confined to his cell twenty-three hours per day and has not been provided with adequate outdoor recreation, including receiving no outdoor recreation during the first week of October 2020, violating his Eighth Amendment rights. Id. at 6, 8. Defendants have further violated his Eighth Amendment rights by transferring him every ten to twenty-five

3

days to a new and unsanitary cell as a means of punishment or harassment. Id. at 6-8. Finally, plaintiff alleges that his Sixth Amendment right to counsel has been violated because he has been denied contact legal visits and has not been provided a confidential visiting booth or room to allow him to confer with his legal team without being overheard. Id.

        C.      Failure to State a Claim

           1.    Defendant Washington

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of *state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added) (citations omitted). For this reason, § 1983 provides no cause of action against federal agents acting under color of federal law. Billings v. United States, 57 F.3d 797, 801 (9th Cir. 1995) (citing Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987)). Accordingly, all claims against defendant Washington, Director of the U.S. Marshal Service, fail and amendment of any § 1983 claim against Washington would be futile.[1]

           2.    Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). However, none of the claims in the complaint specify who was responsible for the challenged conditions or deprivations of rights. Furthermore, "[t]here is no respondeat

---

[1] The U.S. Supreme Court recognized a limited cause of action against federal officials for civil rights violations in Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Bivens recognized a right to recover damages for a violation of the Fourth Amendment's prohibition against unreasonable search and seizures, while Davis v. Passman, 442 U.S. 228 (1979), recognized a damages remedy for gender discrimination and Carlson v. Green, 446 U.S. 14 (1980), found damages available under the Eighth Amendment for failing to provide adequate medical treatment. Ziglar v. Abbasi, 137 S. Ct. 1843, 1854-55 (2017). None of plaintiff's allegations suggest a cognizable Bivens claim, and further extensions of Bivens are disfavored, id. at 1857. Plaintiff has also failed to allege any facts showing that Washington or any member of the U.S. Marshal Service caused any of the conditions of which he complains.

superior liability under section 1983," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), and plaintiff has not alleged facts showing any defendants' personal involvement in the alleged violations or a causal connection between their conduct and the alleged violations, see Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisor is liable only if he was personally involved in constitutional deprivation or there is a causal connection between his wrongful conduct and violation) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989))).  It appears that defendants, all of whom appear to hold supervisory positions, have been named based solely upon those positions, which is insufficient to state a claim for relief.  To the extent plaintiff may be attempting to state a claim against these defendants based on the implementation of policies leading to the conditions of which he complains, he fails to allege what the policy is and how it caused the violation of his rights.  See City of Canton v. Harris, 489 U.S. 378, 385 (1989) (requiring "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.").

Because plaintiff may be able to allege additional facts to address these deficiencies, he will be given the opportunity to amend the complaint.

### 3. Grievances

To the extent plaintiff attempts to allege that Hampton, Pfau, Villanueva, and Limbird violated his rights by denying his grievances, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988)).  Accordingly, the jail's grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under § 1983. Id.  However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, an individual who denies an inmate appeal and who had the authority and opportunity to prevent an ongoing constitutional violation could potentially be subject to liability if the individual knew about an existing or impending violation and failed to prevent it.  See Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006).  Accordingly, to the extent plaintiff seeks to bring claims against these defendants based on their involvement in the

grievance process, he must allege sufficient facts to show that each defendant was aware of an ongoing violation of his rights and had the authority and opportunity to intervene or take some other corrective action. The facts alleged in the complaint are insufficient to demonstrate any such circumstances.

### 4. Due Process

"The Fourteenth Amendment prohibits punishment of pretrial detainees."[2] Demery v. Arpaio, 378 F.3d 1020, 1024 (9th Cir. 2004) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." Id. at 1029 (citing Bell, 441 U.S. at 538). Furthermore, a pretrial detainee may not be subjected to disciplinary segregation as punishment for violation of jail rules and regulations without a hearing. See Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996).

Plaintiff does not allege that his placement in T-Sep was intended as a punishment, either in response to a violation of jail rules or otherwise. He therefore fails to demonstrate that his Fourteenth Amendment rights were violated.[3] Plaintiff will be given the opportunity to amend.

### 5. Right to Counsel

"The Sixth Amendment provides that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.'" Nordstrom v. Ryan, 762

---

[2] Although plaintiff was in the custody of the Sacramento County Jail as a federal pretrial detainee, he alleges that he was transferred to the jail from the custody of the CDCR, indicating that he was also a convicted prisoner. Though it appears likely that plaintiff was also a convicted prisoner at the time of the alleged violations, because it is not clear, the undersigned will assume for the purposes of screening that he was a pretrial detainee. See Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) ("[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits all punishment of pretrial detainees, while the Eighth Amendment only prevents the imposition of cruel and unusual punishment of convicted prisoners.'" (quoting Demery, 378 F.3d at 1029)).

[3] Plaintiff also fails to establish that placement in T-Sep violated his Eighth Amendment rights because it is unclear whether there was no review of his confinement or whether the review simply did not take place prior to his confinement in T-Sep. See Hewitt v. Helms, 459 U.S. 460, 472 (1983) (due process requires that prison officials provide "an informal, nonadversary review of the information supporting [a prisoner's] administrative confinement, including whatever statement [he] wishe[s] to submit, within a reasonable time after confining him to administrative segregation"), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

F.3d 903, 909 (9th Cir. 2014) (quoting U.S. Const. amend. VI).  This includes the right of an inmate to "communicate candidly and confidentially with his lawyer." Id. at 910.  However, the complaint lacks the factual detail necessary for a determination at screening whether plaintiff has stated a claim.  The complaint does not describe the conditions under which plaintiff meets with his legal team, what individual or policy is responsible for those conditions, or what justification, if any, the jail has provided.  Accordingly, it cannot be determined whether the conditions complained of support a claim for relief and plaintiff will be permitted to amend.

The constitutional right of meaningful access to courts further includes contact visitation with counsel.  Ching v. Lewis, 895 F.2d 608, 610 (9th Cir. 1990).  However, the right is not absolute and contact visits may be denied for legitimate reasons.  See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (contact visits with counsel may be limited if "limitations are 'reasonably related to legitimate penological interests'" (quoting Casey v. Lewis, 4 F.3d 1516, 1520 (9th Cir. 1993)));  Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) (contact visits may be restricted where "high-risk inmates" are involved).  Furthermore, to state a denial of access claim, plaintiff must state facts showing that he suffered an actual injury—that the defendants' actions "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996).

The complaint does not specify the dates of denials or even a date range, the number of times contact visits have been requested or attempted and disallowed, who disallowed the visits, or defendants' stated reasons (if any) for disallowing the visits.  Because there are no allegations demonstrating that the restriction on contact visits lacked a valid penological interest or that plaintiff was injured as a result, plaintiff has failed to state a claim for relief and will be granted leave to amend.

### 6. Outside Exercise

In the prison context, exercise is "one of the basic human necessities protected by the Eighth Amendment." LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993).  "Moreover, the Fourteenth Amendment requires that pre-trial detainees not be denied adequate opportunities for exercise without legitimate governmental objective." Pierce v. County of Orange, 526 F. 3d 1190, 1211-12 (9th Cir. 2008).  However, "[w]hether under the Eighth or Fourteenth

Amendments, [the Ninth Circuit has] not imposed a rigid requirement of outdoor exercise regardless of the other opportunities for physical exercise that a correctional institution affords," Norbert v. City and County of San Francisco, 10 F.4th 918, 929 (9th Cir. 2021), and restrictions on outdoor exercise for security reasons do not violate the Constitution, see, e.g., LeMaire, 12 F.3d at 1458 (upholding long-term denial of outdoor exercise to prisoner posing serious security risk who can exercise in his cell).

The complaint alleges in conclusory fashion that plaintiff's Eighth Amendment rights have been violated by the failure to provided "adequate outside recreation." ECF No. 1 at 8. Although plaintiff alleges that he is confined to his cell for twenty-three hours a day, he does not say whether he is provided the opportunity to exercise during the one hour a day that he is out of his cell, and his claim that he was denied all outdoor recreation during the first week of October 2020 indicates that he is receiving some opportunities to exercise outside. Plaintiff also fails to allege facts showing that he has been denied "otherwise meaningful recreation," Norbert, 10 F.4th at 929 (outdoor exercise may be required "when 'otherwise meaningful recreation' is not available"), or that the limitations on his exercise opportunities exceed those limitations that are permissible for security or other legitimate purposes. Nor has he alleged facts demonstrating punitive intent. See Demery, 378 F.3d at 1029. Plaintiff will be granted leave to amend.

### 7. Cell Moves and Sanitation

The complaint alleges that since July 2020, plaintiff has been moved to a different cell every ten to twenty-five days, and that these moves have exposed him to unspecified unsanitary conditions. ECF No. 1 at 2, 6-8. However, frequent cell moves do not implicate any constitutional right, and the complaint is devoid of facts suggesting that the moves at issue are made for any constitutionally prohibited purpose. The conclusory allegation that plaintiff is being moved "solely as punishment/harassment," ECF No. 1 at 8, is insufficient. Plaintiff must plead facts that demonstrate punitive intent and effect.

Unsanitary conditions can, when severe enough, violate the Eighth Amendment rights of convicted prisoners by rising to level of cruel and unusual punishment, Taylor v. Riojas, 141 S. Ct. 52, 53-54 (2020) (per curiam), or violate the Fourteenth Amendment rights of pretrial

detainees by rising to the level of punishment, Shorter v. Baca, 895 F.3d 1176, 1185 (9th Cir. 2018). Because the complaint before the court does not describe the allegedly unsanitary conditions, it is impossible to determine whether such conditions plausibly rise to the level of a constitutional violation. Plaintiff will be granted leave to amend.

### D. Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given an opportunity to file an amended complaint. If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. Motion for Preliminary Injunction

Plaintiff has filed a motion for a preliminary injunction seeking to prevent the jail from moving him to an unsanitary cell every ten to twenty-five days. ECF No. 5.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The propriety of a request for injunctive relief hinges on a threat of irreparable injury that must be imminent in nature. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citing Goldie's Bookstore, Inc. v. Superior Ct., 739 F.2d 466, 472 (9th Cir. 1984))).

Because plaintiff has failed to state a claim for relief, he cannot show that he has any likelihood of success sufficient to warrant a preliminary injunction.

IV. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

The complaint will not be served because the facts you have alleged are not enough to state a claim for relief. The problems with each specific claim are explained above. To challenge any condition of your confinement, you must state facts showing (1) that the condition is harming you and (2) that you are being subjected to it in order to punish you rather than for reasons of jail security. Also, for each claim you must specify which defendants are responsible and what they did or did not do that caused the violation of your rights. If you are challenging a jail policy, you need to say what the policy is and how it has been applied to you. You may amend your complaint to try to fix these problems. Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights.

If you choose to file a first amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

6. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 5) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 3, 2022

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11